IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER D. BRUNING, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:17-CV-0802-M-BK |
| § | |
| NATIONSTAR § | |
| MORTGAGE, L.L.C., et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, Defendants' *Motion to Dismiss*, Doc. 8, and Plaintiff's *Motion to Reconsider*, Doc. 9, are each before the Court for findings of fact and a recommended disposition. For the reasons stated herein, Defendants' *Motion to Dismiss* should be **GRANTED** and Plaintiff's *Motion to Reconsider* should be **DISMISSED WITHOUT PREJUDICE**.

**I.  BACKGROUND**

Plaintiff, proceeding *pro se*, seeks relief from a mortgage loan agreement originated in May 2007 when he purchased the real property and improvements located at 6049 W. Red Bird Lane, Dallas, Texas 75236 ("the Property"). In his *First Amended Petition and Complaint*, Plaintiff alleges that in 2007, after contracting to purchase the Property for $305,000, an appraisal was performed that valued the Property at $295,000 ("the First Appraisal"). Doc. 1-1 at 56. Thereafter, Plaintiff agreed to a final sale price of $300,000. Doc. 1-1 at 56. After making a down payment, Plaintiff entered into the subject loan agreement ("the Loan Agreement") with the original lender, Taylor Bean & Whitaker. Doc. 1-1 at 57. In 2010, when the Property was appraised a second time ("the Second Appraisal"), it was discovered that errors in the First Appraisal resulted in an overvaluation of the Property. Doc. 1-1 at 55. On that

basis, and in an effort to gain relief from his obligations under the Loan Agreement, Plaintiff filed this action in state court bringing claims against Freddie Mac, Nationstar Mortgage, LLC, and Cenlar, FSB ("Defendants") for breach of contract and unconscionable contract, and seeking monetary damages, as well as declaratory and injunctive relief.[1]  Doc. 1-1 at 52, 56, 66.  In March 2017, pursuant to 12 U.S.C. § 1452(f), Freddie Mac (Federal Home Loan Mortgage Corporation) removed the case to this Court.  Doc. 1.

Subsequently, Defendants[2] filed the instant motion to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 8.  The next day, Plaintiff filed his *Motion to Reconsider*.  Doc. 9.  Though Plaintiff states that his *Motion to Reconsider* is intended to be his response to Defendants' *Motion to Dismiss*, Doc. 16 at 3, it does not address or respond to any of Defendants' arguments.  See Doc. 9, *passim*.  Plaintiff argues in later filings, however, that his claims are not barred by statute of limitations.  See Doc. 16 at 5-6; Doc. 24 at 3.

## II. DEFENDANTS' MOTION TO DISMISS

A.      **Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a

---

[1] Plaintiff alleges that Nationstar is "the current 'Note Holder' of [his] mortgage," Freddie Mac is the "past and present investor in the Plaintiff's 'Note'," and Cenlar is "the previous service provider of Plaintiff's 15 year residential mortgage agreement."  Doc. 1-1 at 55.

[2] Though Freddie Mac and NationStar filed the motion to dismiss, Cenlar moved to join the motion after it was served with process.  Doc. 13.  As Plaintiff brings the same claims against all three Defendants and the Court's resolution is premised on an analysis of law that applies equally to the claims against each, Cenlar's motion, Doc. 13, is **GRANTED**.

2

recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation and internal quotation marks omitted). In determining the merits of a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

**B.     Analysis**

   **1. Contract Claims**

Plaintiff's claims for breach of contract and unconscionable contract are premised on his inability to terminate the Loan Agreement. Regarding his claim for breach of contract, Plaintiff alleges that when the Second Appraisal was performed in 2010, and the errors in the First Appraisal were brought to light, he "was not given the right to exercise clause 4.1 of the contract which stipulates for the termination of the contract and all earnest money to be refunded should the property not satisfy the lenders [sic] underwriting requirements." Doc. 1-1 at 57. Plaintiff's unconscionable contract claim is premised on the same ostensible overvaluation and his inability to rescind the Loan Agreement. Doc. 1-1 at 58-59. Defendants move to dismiss Plaintiff's contract claims as time-barred by the applicable four-year statute of limitations, having begun to accrue either when the Loan Agreement was executed in 2007 or when the Second Appraisal was performed in 2010. Doc. 8 at 5-6. Plaintiff argues in several filings that the limitations clock began to run in January 2017, when he notified Defendants of the errors in the First Appraisal. Doc. 16 at 5-6; Doc. 24 at 3. Upon review, Defendants' arguments are well-taken, while Plaintiff's position lacks legal support.

"[T]he question of when a cause of action accrues is a matter of law for the court to decide." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001)). Under Texas law, a four-year statute of limitations applies to claims for breach of contract and unconscionable contract. *Beavers v. Met. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (breach of contract); *Dumdei v. Certified Fin. Planner Bd. of Standards, Inc.*, No. 3:98-CV-1938-H, 1999 WL 787402, at *4 (N.D. Tex. Oct. 1, 1999) (Sanders, J.) (unconscionable contract) (citing *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990)).

The accrual of a claim for breach of contract is governed by the "legal injury" rule, which states that "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Smith Int'l, Inc. v. Egle Grp., L.L.C.*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). Thus, a claim for breach of contract typically accrues when the contract is breached. *Id.* (citation omitted). A claim for unconscionable contract accrues at the time the contract is formed. *Linder v. Deutsche Bank Nat. Tr. Co.*, No. EP-14-CV-00259-DCG, 2015 WL 12743639, at *5 (W.D. Tex. Jan. 6, 2015) (citing *Wade v. Austin*, 524 S.W.2d 79, 86 (Tex. App.—Texarkana 1975, no writ); TEX. BUS. & COM. CODE ANN. § 2.302(a)).

While a court generally cannot grant a Rule 12(b)(6) motion premised on a statute of limitations argument, it may do so where, as here, "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). As Plaintiff admits in his *First*

4

*Amended Petition and Complaint*, the alleged breach that forms the basis of his breach of contract claim, i.e., his legal injury, occurred no later than 2010 when he discovered the supposed errors in the First Appraisal and was allegedly denied the right to exercise "clause 4.1" and terminate the contract. *Smith*, 490 F.3d at 387. Thus, any contract claim premised on this injury had to be brought by 2014. *Beavers*, 566 F.3d at 439; TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. Because Plaintiff filed this action in 2017, well after the four-year limitations period, his breach of contract claim is time-barred and should be dismissed.

Plaintiff's unconscionable contract claim also is subject to dismissal as untimely. It is not disputed that Plaintiff entered into the Loan Agreement in 2007; thus, his claim began to accrue at that time. *Linder*, 2015 WL 12743639, at *5. Consequently, Plaintiff had until 2011 to bring his unconscionable contract claim, which he failed to do. *Dumdei*, 1999 WL 787402, at *4. Even if Plaintiff's claim accrued on the date he claims he discovered the facts underlying his unconscionable contract claim, his claim would still be time-barred. Plaintiff alleges that he first learned about the overvaluation of the Property in 2010 when the Second Appraisal was performed. Thus, by his own factual allegations, he had until 2014 to assert an unconscionable contract claim. *Id.* Because Plaintiff waited until 2017 to assert his unconscionable contract claim, it is time-barred and should be dismissed.

**2. Declaratory and Injunctive Relief**

Lastly, Defendants move to dismiss Plaintiff's claims for declaratory and injunctive relief for failure to assert a viable substantive cause of action. Doc. 8 at 8. When a state petition seeking declaratory relief is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.).

5

That Act provides that a federal court may declare the rights and legal relations of any interested party. 28 U.S.C. § 2201(a). However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). The same is true of a request for injunctive relief. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.") (citation omitted). For the reasons set forth above, Plaintiff has not stated a claim upon which relief can be granted; accordingly, his claims for declaratory and injunctive relief should be dismissed.

**C.    Leave to Amend**

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Although Plaintiff is proceeding without counsel and has not previously been afforded leave to amend his complaint, his claims are time-barred and, thus, fail as a matter of law. Because any amendment would be futile, Plaintiff should not be permitted to re-plead his claims and they should be dismissed with prejudice. *Id.*; *see McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (per curiam) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

### III. PLAINTIFF'S MOTION TO RECONSIDER

In August 2012, Plaintiff filed an action in state court against the original appraiser of the Property for negligence and negligent misrepresentation. Doc. 9 at 1. The trial court granted summary judgment in favor of the appraiser, a decision later affirmed by the court of appeals and denied review by the Supreme Court of Texas. Doc. 9 at 2. Plaintiff now asks this Court to reconsider these state court rulings under Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. Doc. 9 at 1, 5-6. This, the Court cannot do.

As the Court of Appeals for the Fifth Circuit has succinctly stated:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine[3], that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Consequently, the Court cannot review the 2012 state court judgment under the guise of a Rule 60(b) motion, as Plaintiff requests. Because *Rooker-Feldman* divests the Court of subject matter jurisdiction, Plaintiff's *Motion to Reconsider* should be **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss*, Doc. 8, should be **GRANTED**, Plaintiff's claims against Defendants should be **DISMISSED WITH PREJUDICE**, and Plaintiff's *Motion to Reconsider*, Doc. 9, should be **DISMISSED**

---

[3] The doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Finally, upon acceptance of this recommendation, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on February 8, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the precise finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE